UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 15-20127

Honorable John Corbett O'Meara

v.

DANTEZ BECKLEY,

    Defendant.

_____/

**OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS,
DENYING DEFENDANT'S MOTION TO DISMISS COUNT II,
GRANTING GOVERNMENT'S MOTION TO FILE A SUR-REPLY AND
DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

This matter came before the court on defendant Dantez Beckley's July 27, 2016 motion to dismiss, motion to dismiss Count II, and motion to suppress evidence. The government filed responses to the motions to dismiss August 12, 2016, and to the motion to suppress August 18, 2016. Defendant filed a reply to the motion to suppress August 25, 2016. The government filed a motion for leave to file a sur-reply September 1, 2016. Oral argument was heard September 22, 2016.

**BACKGROUND FACTS**

On the night of July 15, 2014, witnesses reported that a large, black man, approximately 6'4" and 260 pounds, entered the Auto Zone store on Van Born Road

in Romulus, Michigan, wearing a gray, hooded sweatshirt, with the hood pulled over his head and a black mask covering his face. The man yelled, "Everybody on the fucking ground!" while pointing a silver and black, 9mm handgun at the employees. He ordered a store employee to give him the cash in the register and fled.

An employee followed outside, hoping to get a description of the getaway vehicle or its license plate. The robber got in the passenger side of a gray Dodge neon with a black car bra on the front. Before leaving, the robber fired a shot in the direction of the employee. Fresh, broken glass was found in the corner of the lot where the car had been parked. Romulus Police Department issued an alert to area police to look for the gray Neon and a heavy-set, 6'4" black man.

A few days later, on July 19, Taylor police saw a gray Neon that matched the description of the getaway car. Officers stopped the car and spoke to the occupants, the driver Shamiea Beckley and passenger Tonisha Beckley. Tonisha Beckley informed the officers that she owned the car but that her brother Dantez had had the car on the night of July 15. She suggested that may be why the passenger window was broken and there were holes in the dashboard and side mirror.

As the officers inspected the car, two men approached. One was a large, black man, approximately 6'4" and 300 pounds. He identified himself has Dantez Beckley. When the officers asked him if he had had the car the night of July 15, he stated that

he had it from 7:00 p.m. that night until the following morning. However, Beckley explained that at 7:00 he drove to Detroit to see his girlfriend. He said he found the window broken and the bullet holes in the dash and mirror when he woke the next morning.

The Taylor police detained Beckley for investigation. Romulus police arrived, arrested him, and took him to the Romulus Police Department, where he was booked. As part of the booking process, Beckley provided the following information: his name, address, date of birth, and phone number. Officers advised Beckley of his Miranda rights, but he declined to speak further. He was released the following day, pending further investigation.

Three days later, on July 23, Romulus police learned that a warrant for Beckley's arrest had been issued by Detroit police. Officers requested a copy of the police report underlying the warrant. The report identified Beckley as a suspect in the theft of money and a firearm from his prior employer days before the Auto Zone robbery. The police report also identified his phone number, the same number he had provided to Romulus police. The next day Romulus police obtained a state search warrant for Beckley's phone records from MetroPCS.

Defendant Beckley's motion to suppress evidence is based on his contention that the warrant lacked probable cause to search his MetroPCS call detail records. In his

reply brief, Beckley asserts that he was arrested illegally. Defendant's motion to dismiss asserts that the Hobbs Act is unconstitutional. His motion to dismiss Count II is based on his assertion that the Hobbs Act robbery charge in Count I fails to qualify as a crime of violence to support Count II.

## LAW AND ANALYSIS

Defendant Beckley's motion to dismiss seeks to dismiss Count I of the indictment, the Hobbs Act robbery of the Auto Zone in Romulus in violation of 18 U.S.C. § 1951(a), arguing that the Hobbs Act: 1) is an unconstitutional exercise of the Commerce Clause; 2) infringes on Michigan's sovereignty in violation of the Tenth Amendment; 3) is overbroad; and 4) does not provide fair notice as required by the Due Process Clause.

The Hobbs Act prohibits interference with interstate commerce by robbery or extortion. Defendant argues that the statute is unconstitutional, citing United States v. Lopez, 514 U.S. 549 (1995) as support. However, Lopez attacks on federal offenses have been soundly rejected. The United States Court of Appeals for the Sixth Circuit reaffirmed the need for only a *de minimis* effect on interstate commerce in United States v. Baylor, 517 F.3d 899 (6th Cir. 2008). Earlier this year the United States Supreme Court found, "The only way to escape the conclusion would be to hold the Hobbs Act does not exercise the full measure of Congress's commerce power. But

we reached the opposite conclusion more than 50 years ago[.]" Taylor v. United States, 136 S. Ct. 2074, 2081 (2016).

The Sixth Circuit Court of Appeals has also held that Congress does not violate the Tenth Amendment when it enacts legislation through the lawful exercise of its commerce clause power. United States v. McHenry, 97 F.3d 125, 131 (6th Cir. 1996). The Sixth Circuit specifically has held the Hobbs Act does not infringe the Tenth Amendment in United States v. Valenzeno, 123 F.3d 365, 368 (6th Cir. 1997).

Defendant Beckley also claims that the Hobbs Act does not provide notice of what conduct is prohibited by the statute. In other words, he argues that the statute is void for vagueness. However, courts have consistently rejected void for vagueness challenges to the robbery and extortion language of the Hobbs Act. See United States v. Williams, 621 F.2d 123, 125 (5th Cir. 1980); United States v. Rosa, 560 F.2d 149, 154 n.5 (3d Cir. 1977). Accordingly, the court will deny Defendant's motion to dismiss.

Defendant seeks to dismiss Count II, the use of a firearm during the robbery of the Auto Zone store in violation of 18 U.S.C. § 924(c), in light of Johnson v. United States, 135 S. Ct. 2551 (2015). However, Defendant's argument has been rejected by the Sixth Circuit Court of Appeals in United States v. Taylor, 814 F.3d 340 (6th Cir. 2016). Accordingly, the court will deny the motion to dismiss Count II.

Defendant Beckley filed a motion to suppress the search of MetroPCS telephone records associated with his cell phone number. He argues that the warrant lacked probable cause because there was no connection between the items to be searched (the business records) and the criminal activity (an armed robbery). A search warrant may be authorized only upon a showing of probable cause, which means only a "fair probability" that contraband or evidence of a crime will be found in a particular place. United States v. Terry, 522 F.3d 645, 648 (6th Cir. 2008). A magistrate need find only "reasonable grounds" to believe the search will yield evidence of criminal activity. United States v. Thomas, 605 F.3d 300, 307 (6th Cir. 2010). A reviewing court affords "great deference" to a magistrate's decision to issue a warrant. Terry, 522 F.3d at 647.

In this case the affidavit in support of the search warrant contained ample information to establish probable cause. It linked Beckley to the robbery by way of the getaway vehicle and a nickel-plated, 9mm handgun stolen from Beckley's employer days before the robbery. Since witnesses told police the robber got into the passenger side of the getaway vehicle, it was clear he did not act alone. The detective seeking the search warrant for Defendant's phone records stated that based on her training and experience, she knew that criminals use cell phones to "plan crimes in advance, communicate with accomplices before, during, and after the crime, and to coordinate an alibi." In addition, the detective believed the cell phone records would

pinpoint Defendant's location during the time of the robbery. Therefore, the court finds the warrant was issued upon a showing of probable cause.

Moreover, even if the warrant lacked probable cause, defendant Beckley voluntarily conveyed the requested information–the phone numbers called or texted and his location to the nearest cell tower–to his cellular provider in the ordinary operation of his phone. MetroPCS then stored this information in its business records, records for which Beckley has no reasonable expectation of privacy. See Smith v. Maryland, 442 U.S. 735, 743-44 (1979). The Sixth Circuit has held that the collection of call detail records from a cellular provider like MetroPCS, including the cell site location data associated with each record, is not a search under the Fourth Amendment. United States v. Carpenter, 819 F.3d 880, 886-90 (6th Cir. 2016).

In his reply brief to his motion to suppress, defendant Beckley raises for the first time that he was illegally arrested. Because the issue was not briefed in his motion to suppress, the court will grant the government's motion to file a sur-reply to respond to Defendant's new argument. Defendant claims, "Taylor police detained and the Romulus police placed Mr. Beckley under arrest despite a lack of identification of Mr. Beckley as the suspect in the robbery, any confession, video evidence, or any substantial evidence that he participated in or committed the offense." Def's. reply br. at 2.

The court finds Romulus police did have probable cause to arrest Beckley after he told police he had possessed on the night of the robbery his sister's Dodge Neon, a car matching the description of the getaway vehicle–complete with a black car bra and a broken window.  Furthermore, Defendant matched the physical description of the robber.  Witnesses of the robbery described the assailant as a large black man, approximately 6'4" and 260 pounds.  Defendant, at 6'4" and 300 pounds, identified himself to the officers as they were questioning his sister.  A general description of either the getaway car or the suspect would have provided probable cause for an arrest.  In this case Romulus police had both.

## **ORDER**

It is hereby **ORDERED** that defendant Beckley's July 27, 2016 motion to dismiss is **DENIED.**

It is further **ORDERED** that defendant Beckley's July 27, 2016 motion to dismiss Count II is **DENIED.**

It is further **ORDERED** that the government's September 1, 2016 motion to file a sur-reply is **GRANTED.**

It is further **ORDERED** that defendant Beckley's July 27, 2016 motion to

suppress evidence is **DENIED.**

s/John Corbett O'Meara
United States District Judge

Date:  October 4, 2016



  I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 4, 2016, using the ECF system.

s/William Barkholz
Case Manager
